IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARRAR & BALL, LLP, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-3341 |
| § | | |
| NICOLE HUDSON, § | | |
| Defendant/Third-Party Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| WESLEY T. BALL, KYLE W. § | | |
| FARRAR, DAVID ROMAGOSA, § | | |
| JR., and RHONDA HERBERT, § | | |
| Third-Party Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Enforce Orders for Sanctions[1] ("Motion to Enforce") [Doc. # 14] filed by Plaintiff Farrar & Ball, LLP ("Farrar & Ball") and Third-Party Defendants Wesley T. Ball, Kyle W. Farrar, David Romagosa, Jr., and Rhonda Herbert. Third-Party Plaintiff Nicole Hudson filed a Response [Doc. # 15], and Movants filed a Reply [Doc. # 17]. Having considered the full record and the applicable legal authorities, the Court **grants** the Motion to Enforce to the extent

---

[1] The Court notes that the award of attorneys' fees by the Texas state court was not a sanction, but was an award of fees pursuant to Texas state law.

that the Court enforces the dismissal of certain claims and the award of attorney's fees against Hudson, in an amount to be determined at the conclusion of this lawsuit.

## I.     BACKGROUND

Farrar & Ball is a law firm in Houston, Texas, where Nicole Hudson was employed as a paralegal.  Farrar & Ball filed this lawsuit against Hudson in Texas state court for theft based on Hudson's claims for overtime compensation for hours she allegedly did not work.

Hudson filed counterclaims against Farrar & Ball and others, including claims for defamation and malicious prosecution.  Prior to removal of the lawsuit, Texas state court Judge Michael Gomez dismissed Hudson's claims for defamation and malicious prosecution by separate orders.  *See* Orders, Exh. 1 and Exh. 2 to Motion to Enforce.  Judge Gomez awarded Farrar & Ball its attorneys' fees in an amount to "be determined at a later date."  *See id.*

Following removal, this Court ordered Hudson to file any request for reconsideration of the state court orders by March 8, 2017.  *See* Hearing Minutes and Order [Doc. # 10].  Hudson neither filed a motion for reconsideration of either state court order, nor requested an extension of the March 8, 2017 deadline.  As a result, this Court will not reconsider the state court orders.

On March 31, 2017, more than three weeks after the expiration of the deadline for any request for this Court to reconsider the state court orders, Movants filed their Motion to Enforce. Movants seek $11,625.00 in attorneys' fees and costs. The Motion to Enforce has been fully briefed and is now ripe for decision.

## II.     ENFORCEMENT OF STATE COURT ORDERS

On November 2, 2016, State Court Judge Gomez conducted a hearing on the Chapter 27 motion to dismiss the defamation claim and the Rule 91a motion to dismiss the malicious prosecution claim. Hudson was originally represented by attorney Taft Foley. At the beginning of the November 2, 2016, hearing, attorneys Jimmie Brown and Debra Jennings were substituted as counsel for Hudson.

Following the November 2 hearing, State Court Judge Gomez dismissed Hudson's defamation claim pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code. The state court noted that Hudson's defamation claim was based on statements published in Law360 and LexisNexis quoting from pleadings in the underlying lawsuit, and on statements made during the Texas Workforce Commission proceedings. The state court held that Hudson failed to allege the defamation claim adequately and, even if he presumed that her allegations established a *prima facie* case, the defamation claim was subject to dismissal because it was based on privileged statements in judicial or quasi-judicial proceedings.

Hudson has presented no legal or factual basis for challenging the dismissal of the defamation claim. Except in cases involving a governmental entity or a public official acting in his official capacity or under color of law, Chapter 27 requires an award of attorneys' fees upon dismissal of the claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.009.

While the case was pending in state court, Movants sought dismissal of Hudson's fraud, intentional infliction of emotional distress, and malicious prosecution claims pursuant to Texas Rule of Civil Procedure 91a. In response, Hudson filed an amended pleading abandoning the fraud and intentional infliction of emotional distress claims. Hudson continued, however, to pursue her malicious prosecution claim. At the November 2 hearing, Mr. Brown advised State Court Judge Gomez that he had "no idea about [the] malicious prosecution," and both Mr. Brown and Ms. Jennings stated that they had no response to the motion to dismiss the malicious prosecution claim. *See* Transcript, Exh. 3 to Motion to Enforce, p. 50. Absent an ability by counsel to explain the basis for the malicious prosecution claim, State Court Judge Gomez dismissed it. Because an award of attorneys' fees is mandatory under Rule 91a,[2] State Court Judge Gomez awarded Movants their attorneys' fees in an amount to be determined later.

---

[2]    *See* TEX. R. CIV. P. 91a(7).

Hudson has not challenged the validity of the state court orders, and she provides no legal or factual basis for this Court not to enforce them.  In her Response, Hudson addresses the merits of her remaining claims for race discrimination, retaliation, and breach of contract.  The merits of her remaining claims is not relevant to the Motion to Enforce.  Hudson cites legal authority governing an award of attorneys' fees as a sanction for discovery abuses – legal authority that is irrelevant to the Motion to Enforce an award of attorneys' fees pursuant to Chapter 27 and Rule 91a.  Finally, and most puzzling, Hudson provides a lengthy discussion of the law regarding witness tampering.  There are not currently, nor have there ever been, any allegations of witness tampering in this case.

Hudson failed to file a timely request for this Court to reconsider the state court orders.  Moreover, she has not provided any rationale for this Court not to enforce the state court orders dismissing the defamation and malicious prosecution claims and awarding attorneys' fees pursuant to Chapter 27 and Rule 91a.  As a result, the Court will grant the Motion to Enforce and will enforce the dismissal of the claims and the award of attorneys' fees.  The Court will determine the amount of fees at the conclusion of this lawsuit.

### III.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Motion to Enforce [Doc. # 14] is **GRANTED**. The state court orders will be fully enforced by this Court, and the award of attorneys' fees will be enforced in an amount to be determined at the conclusion of this litigation.

SIGNED at Houston, Texas, this **30th** day of **April, 2017**.

*[Signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE