# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FARRAR & BALL, LLP, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-16-3341 | |
| § | | |
| NICOLE HUDSON, § | | |
|    Defendant/Third-Party Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| WESLEY T. BALL, KYLE W. § | | |
| FARRAR, DAVID ROMAGOSA, § | | |
| JR., and RHONDA HERBERT, § | | |
|    Third-Party Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Enforce Orders for Sanctions ("Motion") [Doc. # 14] filed by Plaintiff Farrar & Ball, LLP ("Farrar & Ball") and Third-Party Defendants Wesley T. Ball, Kyle W. Farrar, David Romagosa, Jr., and Rhonda Herbert. Defendant/Third-Party Plaintiff Nicole Hudson filed a Response [Doc. # 42], and Movants filed a Reply [Doc. # 44]. Having reviewed the record and the applicable legal authorities, the Court grants the Motion, enforces the award of attorneys' fees ordered by Texas state court Judge Michael Gomez, and fixes the amount of attorneys' fees at $11,625.00.

As noted by the Court in its Memorandum and Order [Doc. # 18] entered April 30, 2017, Farrar & Ball is a law firm where Nicole Hudson was employed as a paralegal. Farrar & Ball filed this lawsuit against Hudson in Texas state court alleging that Hudson's false claims for overtime compensation constituted theft. Hudson filed counterclaims against Farrar & Ball, including claims for defamation and malicious prosecution. Judge Gomez dismissed these two claims by separate orders.

With reference to the defamation claim, Texas law requires an award of attorneys' fees upon dismissal of the claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.009. Similarly, Texas law requires an award of attorneys' fees upon the dismissal of a malicious prosecution claim. *See* TEX. R. CIV. P. 91a(7). As a result, Judge Gomez awarded Movants their attorneys' fees in an amount to be determined later. The requirement in § 27.009 is for an award of "reasonable attorney's fees" to the successful movant. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1)). "A 'reasonable' attorney's fee 'is one that is not excessive or extreme, but rather moderate or fair.'" *Id.* (quoting *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)). "That determination rests within the court's sound discretion, but that discretion, under [§ 27.009], does not also specifically include considerations of justice and equity." *Id.*

Before Judge Gomez determined the amount of attorneys' fees to be awarded to Movants, the case was removed to federal court. Movants seek enforcement of the award of attorneys' fees and ask that the amount of fees be fixed at $11,625.00. Movants have provided affidavits and time records to support this fee amount.

At a hearing on July 17, 2017, the Court held that if "Hudson chooses to contest the amount of Plaintiff's fee request associated with the state court proceedings before Judge Gomez," she must do so by August 7, 2017. *See* Hearing Minutes and Order [Doc. # 39]. Hudson filed a "Response in Opposition to Plaintiff's Request for Sanctions and Constest [*sic*] of Attorney's Fees" [Doc. # 42]. In the Response, Hudson challenges a sealing order that is the subject of a separate motion. Hudson also opposes sanctions other than the attorneys' fees awarded by Judge Gomez, but the Court denied Movants' request for those sanctions at the July 17 hearing. *See* Hearing Minutes and Order, p. 2. Hudson in her Response again includes a lengthy section on witness tampering, an issue completely unrelated to this lawsuit. Hudson asserts that no fees should be imposed or, alternatively, that the Court should defer fixing the amount of fees awarded by Judge Gomez. At no point in the Response, however, does Hudson challenge the amount of fees requested by Movants.

The Court has carefully reviewed the evidence submitted by Movants in support of their request for fees in the amount of $11,625.00. Based on that review, and

absent any evidence or argument to the contrary, the Court finds the number of hours were reasonable and necessary in connection with the defamation and the malicious prosecution claims. The attorneys billed at hourly rates of $350 and $450 per hour. The Court finds these hourly rates to be reasonable, indeed modest, relative to those charged in this area by attorneys with comparable experience.

When determining whether the lodestar amount reflects a reasonable fee, Texas law[1] allows courts calculating fees under § 27.009 and Rule 91a to consider several factors, including:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

---

[1] "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*See Glass Cars, Inc. v. Ortiz*, 2016 WL 4368449, *2 (Tex. App. – Dallas Aug. 16, 2016) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). The Court has considered the relevant factors, and finds that none of them, individually or in combination, support an adjustment to the lodestar amount of $11,625.00. The Court notes specifically that an award of fees is mandatory for the defamation and malicious prosecution claims on which Movants were entirely successful in obtaining dismissal. Accordingly, it is hereby

**ORDERED** that Movants are entitled to recover from Defendant Nicole Hudson attorneys' fees in the amount of **$11,625.00**, payable within thirty (30) days either to Plaintiff Farrar & Ball, LLP or by deposit into the Registry of the Court.

SIGNED at Houston, Texas, this **19th** day of **September, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE